**NATIONAL PACIFIC INSURANCE COMPANY, LTD., and WILLIAM REARDON LAW OFFICES, INC., Petitioners,**

**v.**

**COMMISSIONER, ASG WORKMEN'S COMPENSATTON COMMISSION, Respondent.**

**WILLIAM REARDON, Real Party in Interest.**

High Court of American Samoa
Trial Division
CA No. 75-01

October 10, 2001

Before WARD,[*] Acting Associate Justice, and LOGOAI, Chief Associate Justice.

Counsel: For Petitioners, Jennifer Joneson

---

[*] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

For Real Party in Interest, Roy J.D. Hall, Jr.
For Commission, Acting Attorney General, Fiti Sunia

OPINION AND ORDER

Petitioners National Pacific Insurance Company, Ltd. and William Reardon Law Offices, Inc., ("NPI-LOI"), filed its Petition for Injunctive Relief with this Court on July 25, 2001, seeking limited judicial review of a certain compensation order in favor of William Reardon ("Reardon") issued by the Workmen's Compensation Commissioner ("Commissioner").

Petitioners NPI-LOI also filed a request for a hearing on appeal with the Office of the Administrative Law Judge ("O.A.L.J.") under certain sections of the Administrative Law Judge Act of 1998 ("A.L.J. Act"), which address the Executive branch, administrative hearings appeals process. By stipulation of the parties, the jurisdictional questions of this controversy came on for early oral argument and subsequent submission of briefs addressing the O.A.L.J's statutory authority with respect to conducting contested claims hearings before the Workmen's Compensation Commission ("W.C.C.") and reviewing Commission compensation orders which have been appealed. All parties submitted briefs and we have carefully considered the parties' positions on this jurisdictional issue.

For purposes of deciding this narrow issue of jurisdiction, we will examine and address Petitioner MPI-LOI's Summary Judgment Motion in light of their position that the A.L.J. Act divested the Commissioner of subject matter jurisdiction to hear and decide contested claims under the Workmen's Compensation Act, or alternatively, entitles NPI-LOI to a "trial de novo" before the A.L.J. on appeal.

## Standard of Review

■ Summary judgment is appropriate only when the pleadings and supporting documents show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C..P. 56(e); *Etimani v. Samoa Packing Co.*, 19 A.S.R.2d 1, 4 (Trial Div. 1991). The court must view the pleadings and supporting documents in the light most favorable to the non-moving party. *Amerika Samoa Bank v. United Parcel Serv.*, 25 A.S.R.2d 159, 151 (Trial Div. 1994); *Ah Mai v. Am. Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989). If the moving party makes a *prima facie* case that would entitle movant to a directed verdict if uncontroverted at trial, the burden shifts to the adverse party, who must "set forth specific facts showing that there is a genuine issue for trial." T.C.R.C.P. 56(e).

## Facts

The parties are in general agreement with the facts in this matter. For purposes of this motion we summarize those pertinent facts to be as follows. Reardon suffered a stroke on August 28, 1997 while employed by his incorporated law practice. Reardon filed a claim for workmen's compensation benefits with the Commissioner on September 10, 1997. The Law Office, Inc. and its insurer, N.P.I., contested the claim. A contested claim hearing was held, lasting several days before the Workmen's Compensation Commission during May and June 1999, with a final decision and compensation order in Reardon's favor being issued by the Commissioner on June 25, 2001.

During this protracted administrative process, the Legislature enacted an administration request bill known as the Administrative Law Judge Act of 1998 duly endorsed by the Governor on October 7, 1998. Through some delays, an actual administrative law judge was not appointed and confirmed under this Act until March 16, 2000. The Court now considers the application of the A.L.J. Act's language to these facts.

## Overview

■■■ Administrative agency jurisdiction is nothing more than the clear grant of power by law for an agency administering certain statutes to hear and decide controversies between parties arising out of the agencies lawful scope of administrative activities. 2 AM. JUR 2D *Administrative Law* §§ 274, 275. In its broadest sense, agency jurisdiction is generally the power granted to a particular department, board or commission of government to effectively administer the laws enacted by the Legislature under that agency's authority. It is reflective of the separation of powers embodied in the Constitution under which the Legislature enacts enabling legislation to establish agencies within the Executive branch to effectively enforce and administer such laws that the Legislature enacts and entrusts to that agency to carry into effect. These administrative agencies are statutory creations and must adhere strictly to those statutes for their authority. *Davidson v. D.C. Bd. of Medicine*, 562 A.2d 109, 112 (D.C. App. 1989); *see also Springville Cmty. Sch. Dist. v. Iowa Dept. of Pub. Instruction*, 109 N.W.2d 213, 215 (1961).

■■■ The American Samoa Legislature provided a general set of administrative procedures and practices by enacting the Territory's Administrative Procedures Act of 1969 ("A.P.A.") A.S.C.A. § 4.1001 *et seq.* The A.P.A. establishes the general procedures which all A.S.G. departments, boards, and commissions must follow when empowered to act as agencies with rule-making or contested case decision making

authority. The hearing requirements under the A.P.A., to be conducted under minimal due process requirements and relaxed rules of procedure and evidence, are set forth in A.S.C.A. §§ 4.1025-4.1037 of the A.P.A., which contemplates the use of a "hearings officer" (the administrative law, generic equivalent of "administrative law judge"). A.S.C.A. § 4.1032(5).

 Included within the A.P.A. is the right of an aggrieved party, who has exhausted the administrative decision making process, to seek limited judicial review of an agency's final decision before the Appellate Division of the High Court. A.S.C.A. §§ 4.1040-4.1044. The Legislature has carefully restricted the Judicial Branch's role in reviewing administrative decisions. The Court must, in most instances confine its review to the record and decision as developed and issued by the agency. The Court may not substitute its judgment on the weight of the facts for that of the agency and the Court shall give appropriate weight to the agency's experience, technical competence and specialized knowledge. The Court must first determine if substantial rights of the aggrieved party have been prejudiced by the agency's decision, but even with such a finding, the Court may only reverse, modify or remand the agency's decision if it finds the decision was unlawful, clearly erroneous, or arbitrary, capricious or characterized by an abuse of discretion.

 Although the A.P.A. generally applies to the administrative procedure process for all agencies, the Legislature has recognized that special circumstances affecting particular agencies require special agency powers or practices coupled with specialized forms of expedited, but limited, judicial review of such agencies' decisions. Compensation orders issued by the Workmen's Compensation Commission are immediately reviewable through injunctive proceedings against the Commissioner brought before the Trial Division of the High Court. Immigration Board decisions receive expedited limited judicial review under appeals before the Appellate Division of the High Court in which the Board is the named respondent.

### Discussion

N.P.I.-L.O.I. has moved this Court for summary judgment based solely upon the language appearing in the A.L.J. Act of 1998, which N.P.I.-L.O.I. argues grants the A.L.J. exclusive subject matter administrative jurisdiction to hear and decide contested claims filed before the Workmen's Compensation Commission. Alternatively, this party urges us to find that even if the Commission had authority to issue a compensation order, the Act requires that the A.L.J. conduct a completely new hearing on the controversy under Judicial Branch rules of evidence and civil procedures. We disagree.

## A. Exclusive Subject Matter Administrative Jurisdiction

 The effective scope of any legislative act is limited to the subject embraced in its title and matters properly connected thereto. REV. CONST. OF AM. SAMOA, art. II, § 16. Existing statutes may not be revised by reference to title; the act, section or subsection of law being revised must be set forth at length as amended. REV. CONST. OF AM. SAMOA, art. II, § 17. The judicial power of the American Samoa Government shall be vested in the High Court, the District Courts and such other courts as created by law. REV. CONST. OF AM. SAMOA, art. III, § 1. Within this constitutional framework we next examine the meaning and legal effect of the language in the A.L.J. Act of 1998 cited by petitioners NPI-LOI.

The title of the Act states:

> An Act providing for the creation of the Office of administrative law judge, to decide administrative decisions of department, offices, agencies, boards or commissions of the Government of American Samoa: Amending sections 7.0102, 7.0110, 32.0341, 320344, 32.0345 ASCA: And creating a section 7.0104 A.S.C.A. and Chapter 05 under Title 4 A.SC.A.

It contains the subject of the Act and lists 5 sections of statutory law being amended along with a new section of law being created and a new chapter of law for the O.A.L.J. also being created. Significantly, the Act's title does not include any reference to the Administrative Procedures Act or, more particularly to the issue at hand, any reference to the Workmen's Compensation Act.

 The body of the bill begins with the amendments listed in the title which set forth at length those statutes being amended by the Act, and involving only two particular agencies of government, being the Personnel Advisory Board (P.A.B.) and the Wage and Hour Board. Section 1 and 2 of the Act repeals the authority of the P.A.B to hear A.S.G. employee disputes, and creates other duties for the P.A.B. and the Director of Manpower Resources. The new section of law created by the Act, A.S.C.A. § 7.0104 appearing as section 6 of the Act, transfers the former final authority of the P.A.B. to hear A.S.G. personnel disputes to the A.L.J. for "... hearing and disposition in accordance with regulations of the American Samoa Government." These sections, embraced in, or related to the Act's title and set forth at length in the body of the Act, reveal the Legislature's clear intent to transfer the final administrative agency hearing authority of the P.A.B. to the A.L.J.

Sections 3, 4, and 5 of the Act respectively amend A.S.C.A. §§ 32.0341, 32.0344 and 32.0345. All are listed in the Act's title and set forth at

length as amended in the body of the Act. Unlike the previous sections of the Act which substituted the administrative authority of the A.L.J. for the administrative authority of the P.A.B., Sections 3, 4, and 5 of the Act substitute the administrative, Executive branch agency O.A.L.J. for the Judicial Branch/High Court of American Samoa. Left otherwise unamended in these sections are the judicial powers of issuing permanent or temporary injunctions and awarding judgment on a legal action including damages. In addition, the language of Section 5 insulates certain orders issued by the A.L.J. against private employers from judicial review on the underlying issue of the A.L.J.'s authority to act in such a capacity.

■ We need not decide herein the questionable constitutionality of these three sections, but we do note our concern. Although the Legislature has the limited, constitutional authority to replace certain judicial proceedings with administrative contested case proceedings, it may not invest an administrative hearings officer with more than quasi-judicial authority. *See State ex rel. Keasling v. Keasling*, 442 N.W.2d 118, 121 (Iowa 1989).

The bulk of the Act is found in Section 7 which establishes the O.A.L.J. It is these sections of law which are in dispute, but which may best be interpreted by reference to the previously discussed sections, above.

■ After carefully comparing the various provisions of the A.L.J. Act to determine the Legislature's intent and noting that the Revised Constitution prohibits an inference that the Legislature intended to revise other regulatory statutes that were not set forth as amended in the Act, we determine that the broad language requiring a "trial de novo" in all proceedings before the A.L.J. (Section 4.0607 of the Act) is limited in application to the above mentioned sections 1-5 of the Act. With the possible exception of the A.L.J. conducting the final administrative hearing in the administrative rule procurement bid dispute process under Section 4.0604(e) of the Act, this Act provides no other constitutionally permissible authority for this independent administrative agency to conduct a "trial de novo" as an "appeal" from the final administrative decision of another agency of government.

Section 4.0607 of the Act reads as follows:

**4.0607 Rules of procedures and evidence.**
(a) Proceedings before the administrative law judge shall be a trial de novo notwithstanding the nature of the controversy or dispute, and it shall be the obligation of the judge to preserve as good a record as possible for purposes of appeal.
(b) In proceedings before the administrative law judge, the

Rules of Civil Procedure and Rules of Evidence applicable in the High Court of American Samoa shall be followed as closely as practicable. In that event, whenever the word High Court shall appear in said rules, the word Administrative law judge shall be substituted therefor. These rules may be supplemented by the administrative law judge with any additional rules promulgated in accordance with provisions of the Administrative Procedures Act.

Yet the primary function of the O.A.L.J., as set forth under subsections (a) and (f) of Sec. 4.0502 of the Act, is facially incompatible with the requirements of 4.0607.

**4.0602 Administrative law judge-Office created-Qualifications.**

(a) The office of administrative law judge is created as an independent agency of the Executive branch of government. The head of this office shall be known as the administrative law judge. In a contested case, as defined in 4.1002, or other grievance or controversy before any agency, as defined in 4.2001, the administrative law judge shall conduct and either make or recommend decisions in original proceedings, in accordance with the Administrative Procedures Act 4.1025-4.1037. Any agency may utilize the administrative law judge to conduct or otherwise assist its authorized rule making under 4.1001-4.1020.

\* \* \* \* \*

(f) The administrative law judge shall adopt uniform rules governing the procedures for the operation of his office in accordance with the provisions of the Administrative Procedures Act.

▆▆▆▆ An A.L.J. cannot conduct an original contested case proceeding under the A.P.A. by conducting a "trial de novo" under Judicial Branch rules and procedures. Clearly a "trial de novo" can only be conducted by the A.L.J. where there was a prior administrative decision or hearing and the A.L.J. has been specifically authorized by constitutionally enacted legislation to conduct and decide a final administrative hearing on a contested case.

In all other functions carefully established for the A.L.J. as set forth in 4.0602(a) above, the A.L.J. functions as an agency hearing officer under the A.P.A. *See* A.S.C.A. § 4.1032(5). The A.L.J. follows such administrative practices as required by the A.P.A. or as supplemented by the particular laws or rules of the agency for which the A.L.J. is conducting a contested case proceeding.

 If compatible with the rules and statutes creating or implementing that agency, the A.L.J. may, as allowed under Section 4.0602(a) of the Act, hear and decide contested cases in original proceedings. If the Legislature has directed by statute the final agency decision-making power to be exercised only by a superior agency officer, such as its director, or by its governing board, commission or chief officer thereof, the A.L.J. is allowed only to hear and recommend a decision in a contested case with the agency director, board, etc. so that the agency head can make a final, informed, agency decision as mandated by law.

Petitioner NPI-LOI appears to argue that the A.L.J. Act be more broadly construed by this Court. More particularly, UPI-LOI urges this Court to find that the Legislature intended to confer upon the O.A.L.J. exclusive administrative agency subject matter jurisdiction to hear and decide contested workmen's compensation claims under Section 4.0604(a) of the Act. Said section reads:

> **4.0604 Jurisdiction of the administrative law judge.**
> The office of administrative law judge shall have jurisdiction to conduct hearings and issue judgments, decisions, orders or decrees with regards to the following matters:
> (a) Claims for workmen's compensation in accordance with the procedures set forth in sections 32.0635 to and including 32.0646. All other authorities of the workmen's compensation commission under chapter 06 of Title 32 A.S.C.A. shall remain with the commission.

 As required by the Revised Constitution, for the Legislature to lawfully transfer the existing authority of the Workmen's Compensation Commission, it must, as it did in the A.L.J. Act with the P.A.B., include such sections of law and the subject matter in the title of the Act and set forth such sections or subsections of law so amended at length within the body of the Act. What the Legislature chose to do instead, for the Workmen's Compensation Commission, was simply make the A.L.J. legally available to the Commission to conduct contested claim hearings under existing, statutorily prescribed, rules of administrative practices and procedures. The statutory authority of the Commission to do all legal things necessary to fulfill its agency mandate by the Legislature remains unchanged. How the Commission chooses to utilize the AL.J. in such proceedings has been left for the Commission to decide and implement, not the O.A.L.J. The Legislature has very clearly indicated the A.L.J. can be so used by the Commission and chose, in marked contrast to its approach with Personnel Advisory Board, not to transfer the commission's administrative agency subject matter jurisdiction to the

O.A.L.J. For this Court to infer otherwise would require a finding the Legislature acted unconstitutionally. We cannot so hold.

B. Required Trial *De Novo*

Next, NPI-LOI posit that notwithstanding the Commission's clear, unamended, statutory authority to issue compensation orders, Petitioners are entitled to a "trial de novo" before the A.L.J, under Section 4.0607 of the A.L.J. Act because Section 4.0604(g), requires all administrative appeals to be heard first by the A.L.J. and, under 4.0607 of the Act, such "appeals" must be conducted as a "trial de novo."

> [4.0604](g) All appeals from administrative rulings or decisions of any administrative agency, except those matters specifically exempted herein or by statute of a department office, agency, commission board or committee of the Executive branch or the American Samoa Government shall first be made to the office of administrative law judge. Decisions of the administrative law judge may be appealed to the appellate division of the High Court of American Samoa.

As discussed above, the scope of the A.L.J. Act is constitutionally limited to objects embraced in its title and those sections of law set forth as amended within the body of the Act. Thus narrowed, A.S.C.A. § 4.0604(g) applies, if at all, only to those two, possibly three, agencies whose enabling statutes or administration rules were duly amended in the body of the Act.

An "appeal" of a final agency decision in a contested case results, under the A.P.A., or other specialized agency statutes, with a division of the High Court conducting a limited review of the agency's decision with the Court being required to give due deference to that agency's experience and special competence. Neither the A.P.A. nor other statutes, such as this Court's limited judicial review powers of compensation orders under A.S.C.A. § 32.0652, governing judicial review of administrative decisions or orders have been constitutionally amended or altered by the enactment of the A.L.J. Act. Indeed, subsection 4.0604(g) of the Act, *supra*, expressly preserves this statutory appeals process to the High Court by excepting all such appeals from that subsection's application.

■ We do not need to speculate as to how the Legislature may employ the O.A.L.J. in a particular agency's decision review process in the future when amending a particular agency's statutes. For purposes of deciding this motion, we simply are not persuaded the Legislature intended the painstaking labor of the parties, including the Commission, to be legally voided and to require the injured claimant to undergo a new trial before a

194

separate administrative agency where he must completely reprove his case under different procedures and rules. Until and unless the Workmen's Compensation Act is duly amended by the Legislature, this Court retains the exclusive and express jurisdiction to review that agency's compensation orders for legal sufficiency. As such, Petitioners claim of a right to a "trial de novo" before the A.L.J. is denied.

■ Although not required to be reached in the decision of this motion, this Court does note its concerns over the somewhat cavalier use of indicia of judicial powers throughout the A.L.J. Act. Judicial powers can only be exercised by the Judicial Branch of the American Samoa Government under the Revised Constitution of American Samoa. The purported investiture of the A.L.J. throughout the Act with authority to issue "judgments" or "decrees" or even to conduct a "trial" *de novo* are inappropriate within the context of executive branch administrative agency proceedings. Even the use of the term "jurisdiction" in the Act has proven to be misleading to counsel in this case. It is likewise confusing to the general public to call an administrative agency a "court of record" and require an executive branch agency of government to conduct certain hearings under the Judicial Branch's specialized Rules of Civil Procedure and Rules of Evidence (after, of course, the required editing set forth in the Act of substituting "Administrative Law Judge" for the "High Court").

The Act's attempts to substitute the O.A.L.J. for the Appellate Division of the High Court in reviewing certain Immigration Board decisions is also noted with suspicion. The most disturbing aspects however, are sections 3, 4, and 5 in which the Legislature, while leaving all judicial powers contained therein unchanged, blandly substituted "the administrative law judge" for "High Court of American Samoa." Although we are now more enlightened as to why the A.L.J. was required by the Act to conduct certain hearings under High Court Civil Procedure and Evidence Rules, we stress that the exercise of such traditionally Judicial Branch functions as "awarding judgments for plaintiffs," or issuing "a permanent or temporary injunction decree or restraining order" by the A.L.J. as contemplated under these sections is constitutionally suspect.

## Conclusion

■ The A.L.J. Act confers authority to the O.A.L.J. to conduct *de novo* hearings in those limited situations where the A.L.J. has been clearly designated by the Legislature as the final administrative agency decision maker, (e.g. in ASG employment disputes and procurement bidding process disputes). In all other contested case matters before an agency having subject matter administrative jurisdiction over the dispute,

the A.L.J. functions as an agency hearings officer and conducts hearings under the A.P.A. or such special statutes or rules which apply to that particular agency. As authorized or required under the enabling legislation establishing the agency, the A.L.J. may conduct hearings on and decide or recommend decisions for agency contested cases. Final agency decision-making responsibility remains where vested by the Legislature under the enabling statutes. In the instant matter, the Workmen's Compensation Commissioner is vested with that authority by law.

 Final agency decisions are subject to limited judicial review in most instances before the Appellate Division of the High Court under sections A.S.C.A. §§ 4.1040-4.1044 of the Administrative Procedures Act or as may be particularly provided in the enabling statutes of a particular agency as directed by the Legislature. The authority, powers, and duties of the A.L.J. are administrative in nature and limited to legitimate Executive branch functions. Judicial power, and the exercise thereof, is constitutionally reserved exclusively for the Judicial Branch by the Courts of Law established under the Revised Constitution of American Samoa.

We therefore find that the compensation order issued in the instant matter by the Commission to have been made by the agency of government statutorily authorized to make final administrative agency decisions involving this subject matter. Until otherwise amended by the Legislature pursuant to constitutional requirements, the Workmen's Compensation Act, including the particularized judicial review procedures authorized therein for exercise by this Court, remains in full force and effect.

Motion for summary judgment denied.